UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**SPORTSINSURANCE.COM, INC.,**

*Plaintiff,*

against

Civ. Action No.:_____
8:20-cv-403 (LEK/DJS)

**THE HANOVER INSURANCE COMPANY, INC.,**

*Defendants.*

## NOTICE OF REMOVAL

Hanover Insurance Company, Inc. ("Hanover"), pursuant to 28 U.S.C. §§ 1441 and 1446 files its Notice of Removal of this civil action from the Supreme Court of the State of New York, County of Essex, Index No. CV20-0118 (the "State Action"), to the United States District Court for the Northern District of New York and states:

### I.     BACKGROUND

1. Hanover is an insurance company, incorporated in New Hampshire with a principle place of business in Massachusetts, which issued Commercial Crime Policy number BDY-1012190 (the "Policy") to Sportsinsurance.com, Inc. ("Sportsinsurance").

2. In April 2016, Sportsinsurance submitted an insurance claim under the Policy following its purported discovery in January 2016 of alleged "frauds and thefts" by Kenza El Baroudi ("Baroudi"), the former Vice President of Finance and Chief Financial Officer of Sportsinsurance.  In the State Action, Sportsinsurance claims that Baroudi withdrew (USD) $216,552.64 and (CND) $55,358.66 from its bank accounts without authorization.

3.     On January 24, 2017, Hanover denied coverage for the claim. On March 6, 2020, Sportsinsurance filed the State Action seeking (CND) $394,812.87[1] plus interest, as well as attorneys' fees and costs. (*See* Summons; *see also* Compl. ¶¶ 33-34.) On March 11, 2020, Hanover received a copy of the complaint by mail, but it has not accepted service and service has not been completed.

## II.     THIS COURT HAS JURISDICTION

4.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship between the parties and the amount in controversy. The State Action may be removed to this Court under 28 U.S.C. §§ 1441(a) and 1446. Specifically, (i) the State Action is between citizens of different states; (ii) the amount in controversy exceeds $75,000 exclusive of interest and costs; (iii) the Notice is timely; and (iv) the State Action is pending within the jurisdiction of the U.S. District Court for the Northern District of New York.

**A.     There is diversity of citizenship**

5.     For purposes of diversity jurisdiction, complete diversity exists between citizens of a state and citizens of a foreign state. *See* 28 U.S.C. § 1332(a)(2).

6.     For purposes of diversity jurisdiction, a corporation is deemed a citizen of the foreign state in which it has been incorporated and where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

7.     Sportsinsurance is incorporated in Delaware with its principal place of business in New York. (*See* Compl. ¶ 1.)

8.     Hanover is incorporated in New Hampshire with its principal place of business in Massachusetts. (*See* Compl. ¶ 2.)

---

[1] This equates to approximately (USD) $272,172.15 based on current exchange rates.

9. Because the citizenship of Sportsinsurance is completely diverse from the citizenship of Hanover, the diversity of citizenship requirement of 28 U.S.C. § 1332 is satisfied.

**B.     The amount in controversy is satisfied**

10. According to the Summons and Complaint, Sportsinsurance seeks alleged damages of (CAD) $394,812.87 exclusive of interests and costs, which is worth over (USD) $250,000 and satisfies the (USD) $75,000 amount in controversy requirement of 28 U.S.C. § 1332.  (*See* Summons and Compl. ¶¶ 33-34.)

**C.     Notice is timely**

11. Hanover first received a copy of the summons and complaint by mail on March 11, 2020.  This Notice is consequently filed within 30 days of Hanover's receipt of the pleading and within one year of commencement of the action as required by 28 U.S.C. §1446(b)-(c).

**D.     The United States District Court for the Northern District of New York is the appropriate venue for the action**

12. The State Action is currently pending in the Supreme Court of the State of New York, County of Essex, which is within the jurisdiction of the U.S. District Court for the Northern District of New York.

**E.     Removal is appropriate**

13. Because the parties are citizens of different states and the amount in controversy exceeds $75,000, this action is removable to this Court under 28 U.S.C. § 1441.

14. In accordance with 28 U.S.C. § 1446(a), all process, pleadings, and orders filed and/or served in the State Action is attached as ***Exhibit A***, including the Summons and Complaint.

15. In accordance with Local Rule 3.1, Hanover submits as ***Exhibit B*** a completed civil cover sheet on the requisite form (JS-44).

13. A true copy of this Notice will be promptly filed with the Clerk of the Supreme Court of the State of New York, County of Essex, and served on all interested parties as required by 28 U.S.C. §1446(d). As of the date of this filing, the Notice of Removal cannot be filed with the Clerk of the Supreme Court of New York due to New York Courts' Administrative Order AO/78/20, which restricts all non-essential filings due to COVID-19 concerns. A copy of this order is enclosed herein as ***Exhibit C***.

**WHEREFORE,** Hanover removes the captioned action from the Supreme Court of the State of New York, County of Essex, and requests that further proceedings be conducted in this Court.

**DATED**:  April 6, 2020

                                      **BARCLAY DAMON LLP**

                                      By: _____
                                             David M. Cost

*Attorneys for Defendant*
Hanover Insurance Company, Inc.
Office and Post Office Address
80 State Street
Albany, New York 12207
Telephone (518) 429-4286
Facsimile: (518) 533-2913
Email: dcost@barclaydamon.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court on April 6, 2020, and served on counsels of record via e-mail and UPS Overnight Mail: Michael Frimet, Esq., mfrimet@vogrinfrimet.com), Vogrin & Frimet, LLP, 150 Broadway, Suite 1200, New York, NY 10038, and USPS Priority Mail Express to John T. Wilkins, Esq., wilkins@northnet.org), John T. Wilkins, Esq., P.O. Box 668, Lake Placid, NY 12946.

By:_____
David M. Cost, Esq.

20307210.1