# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ESSEX

----------------------------------------

SPORTSINSURANCE.COM, INC.,

                Plaintiff,

~against~

THE HANOVER INSURANCE COMPANY, INC.,

                Defendant.

----------------------------------------

Index No._____
Date purchased_____
Plaintiff(s) designate(s)
ESSEX County as the place of trial.

The basis of the venue:
Plaintiff's residence
Plaintiff's principal place of business is located in Essex County, New York

## SUMMONS

To the above-named Defendant(s):

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete of this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Lake Placid, New York
       March 5, 2020

Part 130-1.1-a Certification

**VOGRIN & FRIMET, LLP**

By:__Michael Frimet_____
A Member of the Firm
*Attorneys for Sportsinsurance.com, Inc.*
150 Broadway, Suite 1200
New York, New York 10038
(212) 513-1075
mfrimet@vogrinfrimet.com

JOHN T. WILKINS, ESQ.
PO Box 668, Lake Placid, NY 12946

Page 1 of 2



**John T. Wilkins**
*Co-Counsel for Sportsinsurance.com, Inc.*
PO Box 668
Lake Placid, New York 12946
(518) 524-3154
wilkins@northnet.org

**Defendant(s)' Name/Address:**

The Hanover Insurance Company, Inc.
440 Lincoln St.
Worcester, MA 01653

Upon your failure to appear, judgment will be taken against you by default for the sum of $394,812. 87 (CANADIAN DOLLARS), plus interest and attorneys fees.

JOHN T. WILKINS, ESQ.
PO Box 668, Lake Placid, NY 12946

Page 2 of 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ESSEX
-----------------------------------------------------------------x
SPORTSINSURANCE.COM, INC.,

                Plaintiff,

-against-

THE HANOVER INSURANCE COMPANY, INC.

                Defendant.
-----------------------------------------------------------------x

Index No.:

**VERIFIED COMPLAINT**

*Jury Trial Demanded*

Plaintiff, SPORTSINSURANCE.COM, INC. (hereinafter referred to as "Sportsinsurance"), by and through their attorneys, VOGRIN & FRIMET, LLP and JOHN T. WILKINS, respectfully alleges upon information and belief as follows:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff Sportsinsurance is an internet based sports and special event insurance specialist incorporated in the State of Delaware, with a principal place of business located in the Village of Lake Placid, Essex County, State of New York and a "back office" in Montreal, Province of Quebec, Canada where its administrative and technical operations were maintained.

2. At all times hereinafter mentioned, defendant The Hanover Insurance Company, Inc., (hereinafter referred to as "Hanover") is an insurance company incorporated in New Hampshire, headquartered in Massachusetts, and transacting business in the State of New York.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over Defendant pursuant to CPLR §§ 301 and 302(a) because Defendant maintains offices, telephone and sales personnel in the State of New York, Defendant regularly transact business in the State of New York, and Defendant violated section 2601 of the NY Insurance Law in the State of New York as

JOHN T. WILKINS, ESQ.
PO Box 668, Lake Placid, NY 12946

1

well as breaching its contract within the State of New York and violating section 349 (a) of the NY General Business Law, causing injury to Sportsinsurance in this State and resulting in the claims herein.

4. Venue is proper in this Court because the loss occurred in Essex County where Sportsinsurance maintains its principal place of business.

## FACTUAL BACKGROUND

5. Hanover issued Commercial Crime Policy number BDY-1012190 (the "Policy") to Sportsinsurance with a Policy Period beginning July 11, 2012 until cancelled.

6. The Policy specifically provides coverage for "Employee Theft," "Forgery or Alteration" and "Funds Transfer Fraud."

6a. The Policy provides as follows:

We will pay for loss of or damage to "money", "securities", and "other property" resulting directly from "theft" committed by an "employee" whether identified or not, acting alone or in collusion with other persons.
For the purposes of this Insuring Agreement, 'theft' shall also include forgery.

6b. The Policy additionally provides:

a. We will pay for loss resulting directly from "forgery" or alteration of checks, drafts, promissory notes, or similar written promises, orders or directions to pay a sum certain in "money" that are:
    **(a.i.1)** Made or drawn by or drawn upon you; or
    **(a.i.2)** Made or drawn by one acting as your agent;
Or that are purported to have been so made or drawn
For the purposes of this Insuring Agreement, a substitute check as defined in the Check Clearing for the 21st Century Act shall be treated the same as the original it replaced.

6c. The Policy defines "forgery" as:

"Forgery" means the signing of the name of another person or organization with intent to deceive; it does not mean a signature which consists in whole or in part of one's own name signed off with or without authority, in any capacity for any purpose.

6d. Finally, under the Policy Hanover agrees to provide coverage for:

loss of "funds" resulting directly from a "fraudulent instruction" directing a financial institution to transfer, pay or deliver "funds" from your "transfer account."

JOHN T. WILKINS, ESQ.
PO Box 668, Lake Placid, NY 12946

7. Sportsinsurance timely paid the required premiums, in full and has satisfied all other conditions to coverage or is otherwise excused from doing so.

8. All actions taken by Sportsinsurance with respect to the claimed loss have been reasonable, and no action has prejudiced the ability of the Insurer, Hanover to fulfill its contractual obligations.

I. **THE FACTS GIVING RISE TO A CLAIM UNDER THE POLICY**

9. Sportsinsurance operates an internet based insurance brokerage business specializing in the sale of sports insurance products, *inter alia,* to sports teams, leagues, or specific sports events.

10. The underlying claim in this dispute involves the unauthorized and illegal theft of funds (*i.e.,* Employee Theft) from Sportsinsurance by a former employee, Kenza El Baroudi (hereinafter referred to as "Baroudi"), a resident of Montreal, Province of Quebec, Canada.

11. Baroudi was hired in November 2014 as the Vice President of Finance and Chief Financial Officer (collectively referenced as the "CFO") for Sportsinsurance.

12. The CFO is a fiduciary position of trust and responsibility.

13. Baroudi was entrusted with the day to day operations of the business while Sportsinsurance's principals, Mark Di Perno and Nick Di Perno (hereinafter referred to as the "Di Pernos"), focused their time on managing corporate operations.

14. Baroudi was tasked with getting Sportsinsurance's financial operations in order by updating and creating all financial records needed by the company for internal purposes as well as for demonstration to potential investors and/or business partners of their company.

15. Baroudi, as CFO, was authorized and expected, among other duties, to handle payroll, to collect receivables and to pay all payables of Sportsinsurance.

16. In violation of her duties and breaching her position of trust, Baroudi stole $250,036.30 in Canadian Dollars from Sportsinsurance.

17. Baroudi used various means to hide her theft, including but not limited to writing checks to herself in excess of her salary and to third parties, including a business known as "GBK," and by preparing a new employment agreement for herself reflecting a significantly increased salary and forging the signature of Mark Di Perno on that agreement, or procuring such signature by fraudulent means.

18. Upon information and belief, Groupe Baroudi Kenza Inc. or "GBK" is an accounting business owned and controlled by Baroudi.

19. Baroudi hid these actions from the Sportsinsurance by utilizing various transactions for smaller sums of money and convincing the Di Pernos that Sportsinsurance was paying its regular overhead, including payroll and contractors.

20. Sportsinsurance was, at the time, unsure of its expenses and financial obligations, which was part of the reason Baroudi was hired.

21. In January 2016, Baroudi's frauds and thefts were discovered and she was terminated from her position.

22. Sportsinsurance thereafter made a demand that Baroudi and GBK reimburse USD$216,552.64 and CND$55,358.66, representing the amounts withdrawn without authorization by Baroudi for her personal benefit or that of GBK from the bank accounts of Sportsinsurance.

JOHN T. WILKINS, ESQ.
PO Box 668, Lake Placid, NY 12946

## II. NOTICE OF CLAIM TO HANOVER

23. On April 12, 2016, Sportsinsurance provided notice under the Policy of a potential loss relating to Baroudi.

24. On April 26, 2016, Sportsinsurance submitted a sworn proof of loss signed by Mark Di Perno, which was amended on or about July 7, 2016 (collectively the "Proof of Loss").

25. The Proof of Loss describes the manner of misappropriation as "the employee wrote herself checks and also did wire transfers to her own accounts."

26. By letter dated January 24, 2017 from Edward J. Kirk, Esq. of Clyde & Co., attorneys for Hanover, addressed to Dominique Levin, Esq., Sportsinsurance's Canadian attorney, Hanover denied Sportsinsurance's claim.

27. Upon information and belief and speaking generally, Hanover's declination was based upon matters of disputed fact between the claims of Baroudi and Sportsinsurance.

27a. Hanover chose to believe the facts claimed by Baroudi.

28. Upon information and belief, the easiest way to resolve the disputes between Sportsinsurance and Hanover was to resolve the dispute between Sportsinsurance and Baroudi.

## III. THE CANADIAN ACTION

29. After Baroudi failed to pay, after Hanover refused to pay and after Baroudi sued Sportsinsurance and others for unpaid salary and other sums claimed due, Sportsinsurance commenced an action against her and GBK in Superior Court, Province of Quebec, Canada, District of Montreal (collectively, the "Canadian Action").

30. As a consequence of the Canadian Action and by written decision dated July 25, 2019, all claims of Baroudi were dismissed and judgment was awarded to

Sportsinsurance and against Baroudi in the sum of $250,387.62 (CAN), plus interest and "judicial costs."

31. Among the facts found by the Canadian Court after trial was that an amended or revised employment contract between Sportsinsurance and Baroudi, relied upon in part by Hanover in disclaiming coverage, was a "forgery or that it was signed mistakenly as a result of fraud committed by Baroudi."

32. The Court found that Baroudi was indebted to Sportsinsurance for $290,387.60 (CAN) wrongfully misappropriated by Baroudi in excess of her agreed salary and sums paid to GBK without authorization of Sportsinsurance.

33. The Court also found that of the $105,000.00 (CAN) paid GBK, $40,000.00 (CAN) was the fair and reasonable amount due for services actually rendered, and the Court ordered such sum deducted from the sums otherwise due Sportsinsurance, leaving a judgment balance due of $250,387.60 (CAN).

34. Sportsinsurance incurred fees and expenses, including legal fees, totaling $144,425.25 (CAN), in connection with the Canadian Action that it would not have had to pay but for Hanover's wrongful refusal pay Sportsinsurance's claim.

35. Throughout its investigation, Hanover claimed that it remained available to consider any additional information should new information come to light.

36. Based on the findings and decision in the Canadian Action and in reliance upon Hanover's representation that it would consider new information if it came to light, Sportsinsurance submitted a second claim for indemnification to Hanover by letter dated October 25, 2019 from George Vogrin, Michael Frimet and Norman Bellil, attorneys for Sportsinsurance addressed to Edward J. Kirk, Esq. at Clyde & Co.

37. Hanover requested no additional discovery and again wrongfully and in bad faith failed and refused to pay Sportsinsurance's claim.

JOHN T. WILKINS, ESQ.
PO Box 668, Lake Placid, NY 12946

IV.  **HANOVER'S INVESTIGATION**

38. During the course of its investigation Hanover sought numerous and voluminous documents, which have all been provided to the best of Sportsinsurance's ability.

39. Hanover conducted three days of examinations under oath of both principals, Mark Di Perno and Nick Di Perno.

40. Sportsinsurance and its principals fully cooperated throughout Hanover's lengthy investigation.

41. Sportsinsurance provided an abundance of sufficient information to establish a covered claim under the Insuring Agreement, which states that Hanover will pay for loss of or damage to "money" resulting directly from "theft" committed by an "employee."

42. Notwithstanding the basis of Hanover's disclaimer, a Court in the Canadian Action has now determined that Baroudi did in fact steal funds from Sportsinsurance by, *inter alia*, overpaying her own salary and paying excessive sums to GBK, a third party that, upon information and belief, she owned and controlled.

**FIRST CAUSE OF ACTION -- BREACH OF CONTRACT**

43. Plaintiff repeats and realleges each of the allegations set forth in paragraphs "1" through "42" of the Verified Complaint as though more fully set forth herein.

44. Hanover offered Sportsinsurance an insurance contract whereby Hanover agreed to indemnify Sportsinsurance in the event of a loss occasioned by "Employee Theft," "Forgery or Alteration" and "Funds Transfer Fraud."

45. Sportsinsurance accepted Hanover's offer.

46. All premiums and other consideration, if any, have been timely paid by Sportsinsurance.

47. Sportsinsurance has otherwise performed each and all of its obligations, conditions precedent and conditions subsequent under the contract.

48. Sportsinsurance suffered a loss covered by the specific terms of the Policy.

49. Hanover breached the contract by failing and refusing to pay Sportsinsurance's claim.

50. As a direct consequence of Hanover's breach, Sportsinsurance has been damaged in an amount to be proved at trial, plus interest from the date of breach.

## SECOND CAUSE OF ACTION -- BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

51. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 and 44 through 50 of the Verified Complaint as though more fully set forth herein.

52. New York law implies a covenant of good faith and fair dealing pursuant to which neither party to a contract shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

53. The purpose of the implied covenant of good faith and fair dealing is to further an agreement by protecting the promise against a breach of the reasonable expectations and inferences otherwise derived from the agreement.

54. The covenant of good faith and fair dealing protects the bargained-for terms of the agreement.

55. Hanover unilaterally breached the covenant of good faith and fair dealing implied in the contract between the parties by deliberately, carelessly and wrongfully: (a) mishandling the claim; (b) delaying payment of the claim; and (c) claiming without basis

JOHN T. WILKINS, ESQ.
PO Box 668, Lake Placid, NY 12946

in fact that Sportsinsurance intentionally misrepresented and concealed material facts regarding an alleged Second Employment Agreement with Baroudi.

56. Hanover's breach of the covenant of good faith and fair dealing is made more obvious based on its continued disclaimer of coverage following the resolution of the Canadian Action in favor of Sportsinsurance and against Baroudi.

57. Hanover's breach of its covenant of good faith and fair dealing resulted in damage to Sportsinsurance in an amount to be proved at trial.

### THIRD CAUSE OF ACTION -- VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349 - DECEPTIVE BUSINESS PRACTICES

58. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 of the Complaint as if more fully set forth herein.

59. Section 349 (a) of the New York General Business Law prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in New York. N.Y. Gen. Bus. Law § 349.

60. The relationship between Sportsinsurance and Hanover is consumer-oriented in that Hanover sold and Sportsinsurance purchased a policy of insurance.

61. Hanover represented to Sportsinsurance that it would indemnify Sportsinsurance if it suffered a loss occasioned by any act specified in the contract of insurance as a covered loss.

62. Hanover violated section 349 of the New York General Business Law when it engaged in materially deceptive acts and practices in the conduct of its business by failing to have reasonable standards to effectuate a prompt, fair and equitable settlement of its policyholder's claims as demonstrated by its failure to promptly, fairly and equitably investigate and resolve Sportsinsurance's claim and by arbitrarily denying a covered claim.

JOHN T. WILKINS, ESQ.
PO Box 668, Lake Placid, NY 12946

9

63. Sportsinsurance has been damaged in an amount to be proved at trial as a consequence of Hanover's deceptive acts and practices.

64. Pursuant to General Business Law section 349 (h) and (j), Sportsinsurance demands an additional award of $1000 and attorney fees.

**FOURTH CAUSE OF ACTION -- DECLARATORY JUDGMENT- COVERAGE**

65. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42 of the Complaint as if more fully set forth herein.

66. Sportsinsurance seeks a declaratory judgment for the purposes of determining a question of an actual controversy between the parties concerning their rights, obligations, and coverages under the Policy.

67. Sportsinsurance seeks a declaration that Commercial Crime Policy number BDY-1012190 provides full insurance coverage for all losses caused by Baroudi as well as for the expense incurred by Sportsinsurance in the Canadian Action.

**WHEREFORE**, Plaintiff demands relief as follows:

**ON THE FIRST CAUSE OF ACTION:**

1. Compensatory and general damages according to proof to be stated with particularity at the time of trial; and

2. Special and incidental damages according to proof to be stated with particularity at the time of trial.

**ON THE SECOND CAUSE OF ACTION:**

1. Compensatory and general damages according to proof to be stated with particularity at the time of trial.

2. Special and incidental damages according to proof to be stated with particularity at the time of trial; and

3. Punitive damages for Hanover's malicious or fraudulent breach of the duty of good faith and fair dealing, in an amount to be determined at trial.

**ON THE THIRD CAUSE OF ACTION:**

JOHN T. WILKINS, ESQ.
PO Box 668, Lake Placid, NY 12946

1. Compensatory and general damages according to proof to be stated with particularity at the time of trial;

2. Special and incidental damages according to proof to be stated with particularity at the time of trial;

3. A special award of $1000; and

4. Attorney fees.

## ON THE FIFTH CAUSE OF ACTION:

A declaration that Sportsinsurance's claim described in this Complaint is covered by the terms of the Policy issued by Hanover.

## ON ALL CAUSES OF ACTION:

1. Interest at the maximum rate allowed by law;

2. Costs and expenses as allowed by law; and

3. Such other, further or alternative as the Court may deem just and proper so as to afford Plaintiff Sportsinsurance.com, Inc, complete relief.

Dated: New York, New York
       March 2, 2020

Respectfully Submitted,
Part 130-1.1 Certification

**VOGRIN & FRIMET, LLP**

By:__Michael Frimet_____
A Member of the Firm
*Attorneys for Sportsinsurance.com, Inc.*
150 Broadway, Suite 1200
New York, New York 10038
(212) 513-1075
mfrimet@vogrinfrimet.com

**John T. Wilkins**
*Co-Counsel for Sportsinsurance.com, Inc.*
PO Box 668
Lake Placid, New York 12946
(518) 524-3154
wilkins@northnet.org

11

JOHN T. WILKINS, ESQ.
PO Box 668, Lake Placid, NY 12946

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
)ss:
COUNTY OF ESSEX )

**JOHN T. WILKINS, ESQ.**, an attorney admitted to practice law in the State of New York, affirms under penalty of perjury as follows:

1) I am an attorney admitted to practice law in the State of New York and maintain my exclusive office for the practice of law in Lake Placid, Essex County, New York 12946.

2) I have reviewed the attached document and the same is true and correct except those alleged on information and belief, and as to those matters they are believed to be true and correct. The basis for the statements contained in the attached document is my conversations with my client and representatives of my client and review of the relevant agreements and other documents that constitute the "file" in this case. .

3) The basis for this verification is that my client is not in Essex County, where I maintain my office.

Dated:  Lake Placid, New York
        March 5, 2020

Part 130-1.1-a Certification:

_____
John T. Wilkins, Esq.

JOHN T. WILKINS, ESQ.
PO Box 668, Lake Placid, NY 12946

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ESSEX
----------------------------------------------------------------X

SPORTSINSURANCE.COM, INC.,

                Plaintiff,

-against-

THE HANOVER INSURANCE COMPANY, INC.

                Defendant.
----------------------------------------------------------------X

Index No.: CV20-0118

**PROOF OF SERVICE**

STATE OF NEW YORK   )
                                 )ss.:
COUNTY OF ESSEX     )

      Joan W. Grady, being duly sworn, deposes and says: I am not a party to the within action, am over 18 years of age and reside at 34 Liberty Hill Lane, Lake Placid, New York.

      On March 10, 2020, at approximately 12:15 p.m., I served the Plaintiff's Notice of Electronic Filing (Mandatory Case), and copy of the filed Summons and Verified Complaint in the above matter in the following manner:

[ X ]    by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

[ ]    By delivering the same personally to the person(s) at the address(es) indicated below:
Said person is described as a an approximately _____ ± years old white female; approximately ___ feet, _____, inches tall; approximately _____ pounds, with light brown hair and the following identifying features (i.e. eyeglasses, etc.) : _____ n/a _____

**Address(es):**
The Hanover Insurance Company, Inc.
440 Lincoln St.
Worcester, MA 01653

_____
Joan W. Grady

Sworn to me this 10th day of March, 2020

_____
Notary Public

ELIZABETH GREEN CERMINARA
Notary Public, State of New York
No. 01CE4919700
Qualified in Franklin County
Commission Expires April 4, 2022

1 of 1