UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SPORTSINSURANCE.COM,

                          Plaintiff,

      -against-                                Civ. Action No.:
                                              8:20-cv-403-LEK-DJS

THE HANOVER INSURANCE COMPANY, INC.

                          Defendant.
-------------------------------------------------------------------x

**PLAINTIFF, SPORTSINSURANCE.COM'S**
**MEMORANDUM OF LAW IN OPPOSITION TO**
**THE HANOVER INSURANCE COMPANY, INC.'S MOTION TO DISMISS**

**VOGRIN & FRIMET, LLP**
Michael J. Frimet, Esq.
150 Broadway, Suite 1200
New York, New York 10038
(212) 513-1075
mfrimet@vogrinfrimet.com

*Attorneys for Plaintiff,*
*Sportsinsurance.com*

## TABLE OF CONTENTS

Page

LEGAL STANDARD.................................................................................................................1

ARGUMENT............................................................................................................................2

I.    Defendant's Motion Must Be Denied as It Relies Exclusively
on Extrinsic Evidence...............................................................................................2

II.    Plaintiff's Complaint is not time barred and states a valid claim...........................4

III.    Defendant Waived its Right and is Estopped from Asserting
Application of the Limitation Period.......................................................................8

IV.    Plaintiff's Second Cause of Action for Violation of the Duty of
Good Faith and Fair Dealing States a Valid Claim.................................................9

V.    Plaintiff's Cause Of Action For Violation Of New York
General Business Law § 349 States A Valid Claim...............................................12

VI.    Plaintiff's Claims For Extra-Contractual Damages Are Valid..............................14

A.    The Complaint Sufficiently Alleges A Basis for Punitive Damages.........14

B.    The Complaint Sufficiently Alleges a Basis for Special
and Incidental Damages and Attorney Fees...............................................15

VII.    This Court Should Not Exercise Its Discretion to Treat Defendant's
Motion as a Motion for Summary Judgment.........................................................17

CONCLUSION.......................................................................................................................17

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Aktiebolaget Malareprovinsernas Bank v. Hanover Fire Ins. Co.,*
211 App.Div. 608 (1st Dept 1925)......................................................8

*AMTRAK v Arch Specialty Ins. Co.,* 124 F Supp 3d 264 (SDNY 2015)......................................16

*Bi-Economy Market., Inc. v. Harleysville Ins. Co. of New York,*
10 N.Y. 3d 187 (2008)......................................................16

*Biotronik A.G. v. Conor Medsystems Ireland, Ltd.,* 22 N.Y.3d 799 (2014)......................................15

*Bowen v. Preferred Accident Ins. Co.,* 82 App.Div. 458 (2d Dept 1903)......................................8

*Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336 (9th Cir. 1996)......................................1

*Conley v. Gibson,* 355 U.S. 41 (1957)......................................1

*D.K. Prop. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.,*
168 A.D.3d 505 (1st Dept 2019)......................................15-16

*DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104 (2d Cir. 2010)......................................2

*Endemann v. Liberty Ins. Corp.,* 390 F. Supp. 3d 362 (N.D.N.Y. 2019)......................................*passim*

*Executive Plaza, LLC v. Peerless Ins. Co.,* 22 N.Y.3d 511 (2014)......................................4-5, 7

*Fabozzi v. Lexington Ins. Co.,* 601 F.3d 88 (2d Cir. 2010)......................................5

*Fabrizio v. Erie Ins. Co.,*
2009 U.S. Dist. LEXIS 13344 (NDNY Feb. 20, 2009, No. 08-cv-816)......................................15

*Gerka v. Fidelity & Cas. Co.,* 251 N. Y. 51 (1929)......................................9

*Glob. Network Communs., Inc. v. City of N.Y.,* 458 F.3d 150 (2d Cir. 2006)......................................3

*Greenpoint Bank v. Security Mut. Ins. Co.,* 247 A.D.2d 583 (2d Dept 1998)......................................8

*Hoffman v. Hoffman,* 162 A.D.2d 249 (1st Dept 1990)......................................9

*I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.,*
936 F.2d 759 (2d Cir. 1991)......................................3

*Lang v. Hanover Ins. Co.,* 3 N.Y.3d 350 (2004)......................................7

*Lobello v. N.Y. Cent. Mut. Fire Ins. Co.,* 152 A.D.3d 1206 (App. Div. 4th Dept.)......................................5

*Longe's Estate v. Assurance Co. of America*, 107 N.Y.S.2d 961 (1951)........................8

*Marturano v. American Progressive Health Ins. Co.*,
    13 Misc. 2d 65, 70 (Sup Ct, Oneida County 1958)............................................9

*Nakahata v. N.Y.-Presbyterian Healthcare Sys.*,
    723 F.3d 192 (2d Cir. 2013)............................................................3

*New York Univ. v. Cont't Ins. Co.*, 87 N.Y.2d 308, 316 (1995)...................14

*Nick's Garage, Inc. v. Nationwide Mut. Ins. Co.*,
    101 F. Supp. 3d 185, (N.D.N.Y. 2015)......................................12

*Nick's Garage, Inc. v. State Farm Gen. Ins. Co.*,
    2013 U.S. Dist. LEXIS 26654 (NDNY Feb. 27, 2013)......................13

*Niesenbaum v. AXA/Equitable Life Ins. Co.*,
    2015 NY Slip Op 32538[U] (Sup Ct, Nassau County 2015)...........16

*Oglesby v. Massachusetts Acc. Co.*, 230 App. Div. 361 (2d Dept 1930).......................9

*Overall v. Estate of Klotz*, 52 F.3d 398 (2d Cir 1995)...................................9

*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*,
    85 NY2d 20 (1995).............................................................14

*Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y. 3d 200 (2008).................16

*Penna v. Peerless Ins. Co.*, 510 F. Supp. 2d 199 (WDNY 2007)...................8

*Quinn v. Metropolitan Life Ins. Co.*, 187 Misc. 629 (Sup Ct, Albany County 1946)...................9

*Salahuddin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988)........................................1

*Simcuski v. Saeli*, 44 N.Y.2d 442 (1978)................................................8-9

*Steen v. Niagara Fire Ins. Co.*, 89 N.Y. 315 (1882)...................................5, 7-8

*Wilner v Allstate Ins. Co.*, 71 A.D.3d 155 (2d Dept 2010).........................14-15

**Statutes**

New York General Business Law § 349.........................................................12-14, 18

New York General Business Law § 349(h)....................................................16-17

**Court Rules**

Fed. R. Civ. P. l2(b)(6)............................................................................1-3, 11, 17

Fed.R.Civ.P. 12(d) .........................................................................................3

Fed. R. Civ. P. 56...........................................................................................3

This Memorandum of Law is submitted by Plaintiff, Sportsinsurance.com ("Sportsinsurance" and/or "Plaintiff"), in opposition Defendant's, The Hanover Insurance Company, Inc. ("Hanover" and/or "Defendant") motion to dismiss Plaintiff's Complaint.

Plaintiff states enough facts in its Complaint to state a claim for relief that is plausible on its face. Applicable New York law demonstrates that Defendant has not met its burden and Plaintiff's claims can survive this motion to dismiss. For the reasons set forth below, Sportsinsurance respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety.

## LEGAL STANDARD

When considering a motion to dismiss under Fed.R.Civ.P. l2(b)(6) for failure to state a claim, the Court must decide whether the facts alleged in the Complaint, if true, would entitle Plaintiffs to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

In resolving a l2(b)(6) motion, the Court must (I) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). Dismissal is reserved only "for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

## ARGUMENT

**I.**    **Defendant's Motion Must Be Denied as It Relies Exclusively on Extrinsic Evidence**

Without explanation, Defendant attaches to its Motion to Dismiss a two-page Declaration of David M. Cost with six documents attached. They consist of a copy of the policy and one letter sent by counsel for the Plaintiff and four letters sent by counsel for the Defendant. On a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) a court is limited as to what it may consider:

> In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Chambers*, 282 F.3d at 153; *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). Where a document is not incorporated by reference, the court may neverless consider it where the complaint "relies heavily upon its terms and effect," thereby rendering the document "integral" to the complaint. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers*, 282 F.3d at 152-53). However, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Id.*

> *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

By this standard, at best, the policy is the sole document that can be fairly said to have been "integral" to the Complaint as it quotes from that document. The remaining documents are simply a small part of the overall investigation and communications of Defendant.

None of the individual documents attached to the Declaration are specifically incorporated into the Complaint. Further, Attorney Cost has added his own characterization of the attached document. For example, Exhibit B is characterized a correspondence where Hanover is "denying coverage" however the letter simply does not utilize the term denial. Rather the correspondence states that Hanover is responding because Plaintiff is demanding that Defendant "provide its coverage position" even though Hanover has supposedly "not received all

information requested." The letter says nothing more than that based on the information provided to date, Plaintiff has "not demonstrated a loss covered" but agrees to consider further information.  Exhibit B, p.1. The letter concludes with a broad reservation of rights but no clear statement that Hanover is denying the claim. Exhibit B, p. 19. It may have denied payment but it was certainly equivocal as to the basis for the refusal to pay. These five documents all require additional context and testimony from percipient witnesses in order to consider their relevance to Plaintiff's claim and Defendant's alleged affirmative defense. Further, additional evidence will be necessary to understand the scope and timing of defendant's investigation and positions.

The policy behind allowing extrinsic reference to "integral" documents is to shield the Defendant from Plaintiff's failure to incorporate such key documents in order to avoid proper consideration of a motion to dismiss.  *See I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir. 1991) (Failure to include matters plaintiffs wanted to avoid cannot serve to evade a decision on a motion to dismiss).  Here, the Defendant is using this rule as a sword to choose which facts it wants to be considered on its affirmative defense. The Second Circuit has specifically distinguished *Pincus* in such a situation where the documents were being included for the sole purpose of moving to dismiss based on an alleged affirmative defense. *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192, 203 n.13 (2d Cir. 2013).

This court may exercise its discretion to transform this Motion to Dismiss into a Motion for Summary Judgment under Fed.R.Civ.P. 56. *Glob. Network Communs., Inc. v. City of N.Y.*, 458 F.3d 150, 155 (2d Cir. 2006). Then the parties are to be given the opportunity to submit "pertinent" material. Fed.R.Civ.P. 12(d). Here, the issues presented raise factual questions which will require discovery into Defendant's investigation surrounding this particular claim.

3

II.    <u>**Plaintiff's Complaint is not time barred and states a valid claim.**</u>

Assuming for purposes of argument that the proffered documents may be considered, Defendant does not argue that it has not breached the contract of insurance, but only that such a claim would be barred by the contractual limitations clause of a policy that it drafted, has hid behind, and continues to hide behind to improperly decline to pay Plaintiff.   The contractual limitations period at Condition "m" provides:

Condition m, "Legal Action Against Us", of the Policy provides as follows:

You may not bring any legal action against us involving loss:

(1)  Unless you have complied with all of the terms of the policy;

(2)  Until 90 days after you have filed proof of loss with us; and

 (3) Unless brought within 2 years from the date you "discovered" the loss.

If any limitation in this Condition is prohibited by law, such limitation is amended so as to equal the minimum period of limitation provided by such law.

In response to a certified question from the United States Court of Appeals for the Second Circuit, the Court of Appeals opined that a contractual limitation period in a fire insurance policy that required an insured to bring suit within two years from the date of "direct physical loss or damage" for purposes of seeking recovery of the cost of replacing destroyed property, which could not be sought until after the property was replaced, was unreasonable and unenforceable where the property could not reasonably be replaced in that time. *Executive Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 516 (2014).

The Court of Appeals held that a "limitation period" that expires before suit can be brought is not really a limitation period at all, but simply a nullification of the claim. *Id*. It added that the period of time within which an action must be brought should be fair and reasonable, in view of the circumstances of each particular case. The circumstances, not the time, must be the determining factor. *Id*.

The *Executive Plaza* case must also be read in connection with the older Court of Appeals case of *Steen v. Niagara Fire Ins. Co.*, 89 N.Y. 315 (1882). As recognized by both the Second Circuit and the Fourth Department has not been overruled or disavowed. *Lobello v. N.Y. Cent. Mut. Fire Ins. Co.*, 152 A.D.3d 1206 (App. Div. 4th Dept.); *Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 92 (2d Cir. 2010). The *Steen* court was applying a similar contractual limitations period which was described as follows:

> The law in case of breach of contract limits the time of bringing an action to six years. The contract substitutes twelve months. If we take the appellant's construction, the term of twelve months is at once narrowed to ten months, for sixty days at least must elapse after "a loss by fire," before any suit could be brought, and the term is subjected to such additional abatement as may be made necessary by alleged inadequacy of proof or controversies between the insurers and the policy-holder before such loss is "satisfactorily ascertained." The delay incident upon such provisions is illustrated by a variety of cases heretofore considered by the courts, and among others, *Ames* v. *N. Y. Union Insurance Co.* (14 N.Y. 253); *Mayor* v. *Hamilton Fire Insurance Co.* (39 N.Y. 45); *Hay* v. *Star F. Insurance Co.* (77 N.Y. 235; 33 Am. Rep. 607); these cases in substance hold that the time of limitation prescribed by such a contract does not commence running until the right to bring an action exists.

> *Steen v. Niagara Fire Ins. Co.*, 89 N.Y. 315, 322-23 (1882)

Similarly, here the insured must wait 90 days after the proof of loss is filed before it may commence suit. The policy allows the insured 120 days to provide such proof of loss. (Policy - Part E. Conditions, Paragraph (g)(3). Thus, at a minimum, the insured may not bring suit until 7 months after the loss is "discovered" However, in addition to the proof of loss requirement mentioned in *keen,* here the insured must also satisfy the more ambiguous requirement of compliance with "all terms of the policy." Here, the carrier insisted upon further information to be provided and required the insured to submit to Examinations Under Oath. At no point did Defendant advise Plaintiff that it had "complied with all of the terms of the policy" in fact, quite the opposite. The Defendant failed to accept the proof of loss as sufficient and insisted on further proof.

In the present situation Sportsinsurance endeavored to provide Hanover with every bit of information it required to adjust the claim but it was never enough for Hanover and Sportsinsurance was confronted with Hanover's unremittent refusal to accept the claim. Sportsinsurance had no other choice and was, in fact, encouraged to seek redress against Baroudi in a competent court of law with the hope that once they secured this decision it would irrevocably establish that Sportsinsurance's loss was undeniably covered under Hanover's Policy.

During its investigation, although it stated its lack of information, Hanover rejected the claim under the Policy because Sportsinsurance allegedly had not demonstrated coverage under any of the insuring agreements. (See Hanover's letter dated January 24, 2017 – Defendant's *Exhibit B*).  Hanover, repeatedly stated they remained available to consider any additional information Sportsinsurance would like to submit in support of its claim under the Policy. (See Hanover's letter dated January 24, 2017 - Defendant's *Exhibit B* and letter dated May 8, 2017 - Defendant's *Exhibit D*). In particular, Hanover indicated its interest in reviewing the findings of the Quebec civil litigation (See Hanover's letter dated January 24, 2017).  This left the claim pending and Sportsinsurance under the belief that it was able to continue to submit credible information for Hanover's consideration of the claim.  Sportsinsurance did not sit idle for two years after discovering the loss but actively fought for redress despite being pushed aside by its Insurer in its moment of need in the hope that once a decision could be secured Hanover would finally acknowledge its contractual responsibilities towards its insured.

Although an originating application against Baroudi was filed in March 2016, the Superior Court of Quebec only issued its decision on July 25, 2019. Once Sportsinsurance was able to finally secure a decision vindicating its claim, it immediately asked Hanover to

6

reconsider its position.  However, Hanover would not change its position, despite the findings of a court of competent jurisdiction and now is trying to hide behind, not an actual coverage determination on the merits, but a contractual limitations clause.

Here, Sportsinsurance was left with no recourse but to seek redress from a court in order to prove its claim that it was the victim of a dishonest thieving employee. Hanover encouraged them to pursue that path by enquiring about the development and outcome of the court proceeding.  They cannot now say that Sportsinsurance is time barred when the delay was based upon the very actions Hanover encouraged Sportsinsurance to take.  Hanover knew all along that Sportsinsurance was contesting its coverage position and that Sportsinsurance was pursuing an action in the court in Canada.  Yet, knowing its coverage position was being contested, and therefore, not a certainty, Hanover took no action to confirm such coverage position, as suggested by the courts of New York. *Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350 (2004).

Now that a court decision has been secured that irrefutably proves that a loss is due and payable and that Sportsinsurance has satisfied all policy conditions, Hanover claims that the policy time for filing suit has ended.

Even assuming the proffered documents can be considered,  in view of the circumstances it would not be fair or reasonable to enforce the above referenced Policy Condition limiting the right of recovery of Sportsinsurance against Hanover since Sportsinsurance was still legitimately expecting that Hanover would acknowledge coverage of their claim once a court decision could be secured.  Here, based on *Steen and Executive Plaza,* it is clear that this contractual limitation period does not constitute a reasonable time limit but is rather a nullification of the policy coverage. Defendant has engaged in the same delay caused by "…alleged inadequacy of proof or controversies between the insurers and the policyholder before such loss is 'satisfactorily

ascertained'" as was recognized by the *Steen* court almost exactly 138 years ago. *Steen v. Niagara Fire Ins. Co.*, 89 N.Y. 315, 322-23 (1882). For the same reasons the clause is unenforceable.  At the very least, there is an issue of fact as to whether this clause applies.

At a minimum, the proffered documents establish that there are disputed factual issues that that require additional elaboration before the claims can be appropriately considered. The court can exercise its discretion to transform this motion into one for summary judgment however, these limited documents show that discovery will be necessary to fully and fairly litigate these claims.

### III.   Defendant Waived its Right and is Estopped from Asserting Application of the Limitation Period

It is well established that policy provisions requiring an action to be brought within a time limited after the happening of the event may be waived by the insurer. *Bowen v. Preferred Accident Ins. Co*., 82 App.Div. 458 (2d Dept 1903); *Aktiebolaget Malareprovinsernas Bank v. Hanover Fire Ins. Co*., 211 App.Div. 608 (1st Dept 1925), reversed on other grounds 241 N.Y. 551, 150 N.E. 551; *Longe's Estate v. Assurance Co. of America*, 107 N.Y.S.2d 961, 963 (1951).

An insurer may waive its right to assert the application of a limitation period, including that for bringing suit, if it causes the delay or lulls the insured into failing to timely file. *E.g., Greenpoint Bank v. Security Mut. Ins. Co*., 247 A.D.2d 583 (2d Dept 1998). (insurer requested submission of successive proofs of loss).

Similarly, to invoke estoppel, a plaintiff must demonstrate that he was misled or lulled by the defendant into failing to file a claim in a timely manner.  *Penna v. Peerless Ins. Co*., 510 F. Supp. 2d 199, 201 (WDNY 2007). Because a person who seeks equity must do equity, a plaintiff invoking estoppel must show that he brought his action "within a reasonable time after the facts giving rise to the estoppel have ceased to be operational." *Simcuski v. Saeli*, 44 N.Y.2d 442

(1978); *Hoffman v. Hoffman*, 162 A.D.2d 249 (1st Dept 1990). Equitable estoppel, therefore, looks at the parties' conduct only to determine their relative blameworthiness in delaying the commencement of suit. *Overall v. Estate of Klotz*, 52 F.3d 398, 404 (2d Cir 1995).

Based on the principles of equity Hanover waived its right to and is estopped from asserting the enforcement of Condition m of the Policy. As detailed above Sportsinsurance was operating and continued to operate under the belief that its claim would be reevaluated if they obtained a judgment in their favor. Alas, once a judgment could be secured, Hanover decided to ignore its findings, prompting Sportsinsurance to immediately file the instant suit.

Whether a waiver exists is usually a mixed question of law and fact. *Quinn v. Metropolitan Life Ins. Co.*, 187 Misc. 629 (Sup Ct, Albany County 1946); *Oglesby v. Massachusetts Acc. Co.*, 230 App. Div. 361 (2d Dept 1930); *Gerka v. Fidelity & Cas. Co.*, 251 N. Y. 51 (1929); *Marturano v. American Progressive Health Ins. Co.*, 13 Misc. 2d 65, 70 (Sup Ct, Oneida County 1958). Though the complaint fails to allege the waiver, as established above there exists a genuine, triable issue of fact as to such waiver, thus should the Court find that the issues of Waiver and Estoppel need to be asserted in the complaint, Sportsinsurance requests leave to refile an amended complaint to correct the pleading.

## IV.    Plaintiff's Second Cause of Action for Violation of the Duty of Good Faith and Fair Dealing States a Valid Claim

Defendant's argument that the implied covenant of good faith and fair dealing is duplicative of the breach of contract claim is without merit. (Def. Mot. at 18). In fact, nothing could be less accurate.  Plaintiff's claim for breach of implied covenant of good faith and fair dealing and for breach of contract is not duplicative as it rests on different facts, additional allegations, and requests different damage than Plaintiff's breach of contract claim. *See*

*Endemann v. Liberty Ins. Corp.*, 390 F. Supp. 3d 362, 378-79 (N.D.N.Y. 2019). Plaintiff's breach of contract claim alleges:

> …
> 44. Hanover offered Sportsinsurance an insurance contract whereby Hanover agreed to indemnify Sportsinsurance in the event of a loss occasioned by "Employee Theft," "Forgery or Alteration" and "Funds Transfer Fraud."
>
> 45. Sportsinsurance accepted Hanover's offer.
>
> 46. All premiums and other consideration, if any, have been timely paid by Sportsinsurance.
>
> 47. Sportsinsurance has otherwise performed each and all of its obligations, conditions precedent and conditions subsequent under the contract.
>
> 48. Sportsinsurance suffered a loss covered by the specific terms of the Policy.
>
> 49. Hanover breached the contract by failing and refusing to pay Sportsinsurance's claim.
>
> 50. As a direct consequence of Hanover's breach, Sportsinsurance has been damaged in an amount to be proved at trial, plus interest from the date of breach.

Compl. ¶¶ 44-50.

In sharp contrast, Plaintiff's breach of the implied covenant of good faith and fair dealing claim includes the following different allegations:

> …
> 55. Hanover unilaterally breach the implied covenant of good faith and fair dealing implied in the contract between the parties by deliberately, carelessly and wrongfully: (a) mishandling the claim; (b) delaying payment of the claim; and (c) claiming without basis in fact that Sportsinsurance intentionally misrepresented and concealed material facts regarding an alleged Second Employment Agreement with Baroudi.
>
> 56. Hanover's breach of the covenant of good faith and fair dealing is made more obvious based on its continued disclaimer of coverage following the resolution of the Canadian Action in favor of Sportsinsurance and against Baroudi.

Compl. ¶¶ 55-56.

Furthermore, the damages sought in Plaintiff's breach of implied covenant of good faith and fair dealing claim are different than those requested in the breach of contract claim. Comp. ¶¶ 1-3; 1-3. In addition, to the damages requested in the breach of contract claim, the breach of

implied covenant of good faith and fair dealing claim requests punitive damages as a result of Defendant's malicious and fraudulent behavior. Compl.¶ 3.

This matter is analogous to recent decision outlined in *Endemann*. F. Supp. 3d at 378-79. There, the Insured made a claim against the insurance company. The issue was whether the breach of the implied covenant of good faith and fair dealing claim was duplicative of the breach of contract claim. *Id.* A breach of implied covenant of good faith and fair dealing claim is not necessarily duplicative of the breach of contract claim. *Id.* (citing *Bi-Economy Mkt. Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 191 (N.Y. 2008). "Where the breach of the implied covenant of good faith and fair dealing claim rests on a different set of supporting facts from the express breach of contract claim, it should be allowed to survive at the Rule 12(b)(6) stage." *Endemann*, F. Supp. 3d at 378-79.

As outlined in *Endemann*, the court held that the breach of implied covenant of good faith and fair dealing claim was not duplicative of the breach of contract claim. *Endemann*, F. Supp. 3d at 378-79. The court stated that the breach of contract claim was short, and only added little to the preliminary allegations. *Id.* In contrast, the breach of implied covenant of good faith and fair dealing claim included allegations different than those that underlie the breach of contract claim and seeks different damages than those allowed under the breach of contract claim. As such, the breach of implied covenant of good faith and fair dealing claim was not duplicative and allowed to proceed. *Id.*

As detailed in *Endemann*, it is clear that Plaintiff's breach of implied covenant of good faith and fair dealing claim is not duplicative to Plaintiff's breach of contract claim. Plaintiff's breach of contract claim only adds little to the preliminary allegations. Compl. ¶ ¶ 44-50. However, in the breach of implied covenant of good faith and fair dealing claim, Plaintiff alleges

that Defendant wrongfully mishandled the claim, delayed the claim, and intentionally misrepresented and concealed material facts. Compl. ¶¶ 55-56. These claims are wholly different than what is alleged in the breach of contract claim. Furthermore, Plaintiff requests different relief in the breach of implied covenant of good faith and fair dealing claim. Comp. ¶ ¶ 1-3; 1-3. As such, Plaintiff's breach of implied covenant of good faith and fair dealing claim is wholly different than its breach of contract claim.

Therefore, Plaintiff's claim for a breach of implied covenant of good faith and fair dealing rests on facts different than the breach of contract claim, includes different allegations, and requests different relief; as such, this claim is not duplicative of the breach of contract claim and should be allowed to proceed.

## V.     Plaintiff's Cause Of Action For Violation Of New York General Business Law § 349 States A Valid Claim

Contrary to Defendant's assertion, Plaintiff sufficiently alleges a cause of action against Defendant for deceptive business practice in violation of GBL §349. While Defendant is correct in that "private contract disputes, unique to the parties, do not fall within the ambit of the statute" (Def. Mot. at 19), GBL § 349(h) permits an aggrieved party to bring a private action for violation of the statute when it can demonstrate that the harm caused by the deceptive practices is direct to the consumers as a whole or public at large. *See* GBL § *349; Endemann v. Liberty Ins. Corp.*, 390 F. Supp. at 380.

Furthermore, "conduct has been held to be sufficiently consumer-oriented to satisfy the statute…where it constituted a standard or routine practice that was consumer oriented in the sense that [it] potentially affect[ed] similarly situated consumers." *Nick's Garage, Inc. v. Nationwide Mut. Ins. Co.*, 101 F. Supp. 3d 185, (N.D.N.Y. 2015) *aff'd in part, vacated in part,*

*and remanded by Nick's Garage Inc. v. Progressive Cas. Ins. Co.*, 2015 U.S. Dist. LEXIS 41984 (N.D.N.Y., Mar. 31, 2015).

Defendant's practices, as described in the Complaint, are consumer-oriented. Plaintiff alleges in its Complaint that the relationship between Plaintiff and Defendant is "consumer-oriented in that Hanover sold and Sportsinsurance purchased a policy of insurance." *See Endemann*, F. Supp. 3d at 380; Compl. ¶ 60.  Furthermore, Defendant has a standard or routine practice of failing to "have reasonable standards to effectuate prompt, fair and equitable settlement of its policyholder's claims as demonstrated by its failure to promptly, fairly and equitably investigate and resolve Sportsinsurance's claim…" Compl. ¶ 62. "Where, as here, a defendant enters into a contractual relationship[s] with consumers…via a form contract and has allegedly committed and challenged actions in its dealings with multiple insureds, courts have held that such behavior affects the public generally and, therefore, satisfied the requirement of consumer-oriented within the meaning of Section 349." *Nick's Garage, Inc. v. State Farm Gen. Ins. Co.*, 2013 U.S. Dist. LEXIS 26654, at *22-23 (NDNY Feb. 27, 2013). Therefore, Plaintiff's Complaint clearly alleges that Defendant's conduct is consumer-oriented in that it constituted a standard and routine practice by Defendant towards its similarly situated policyholders.

Furthermore, Plaintiff's allegations are sufficient to state a claim under § 349. While they may be only a little more than a formulaic recitation of the elements of the cause of action, they "nudge plaintiff's GBL § 349 claim across the line from conceivable to plausible." *See Endemann*, F. Supp. 3d at 380 citing *Twombly*, 550 at 570 (internal quotation marks omitted). Plaintiff's allegations, accepted as true, indicate that Hanover has a standard or routine practice of harming its policyholders and engages in similar practices to other similarly situated policyholders. *See* Compl*.* ¶ 60-62**.** Therefore, Plaintiff sufficiently alleges that Hanover's

practices are consumer-oriented policies and they are causing harm to the public. *See Endemann*, F. Supp. 3d at 380.

The Court of Appeals has stated that whether a deceptive practice is likely to mislead a reasonable consumer acting reasonably may be determined as either a question of law or fact, depending upon the circumstances. *See, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 26 (1995); *Wilner v Allstate Ins. Co.*, 71 A.D.3d 155, 166 (2d Dept 2010).

Under the circumstances of this case, the reasonableness of the plaintiff's belief as to its expectations under the contract of insurance is a question of fact, and should be determined by the factfinder and at minimum, Plaintiff needs the opportunity to develop facts, during discovery.

Plaintiff plainly has stated a viable claim for relief and although further exploration requires discovery, the motion to dismiss should be denied because Plaintiff sufficiently alleges a cause of action for deceptive business practice in violation of GBL §349 because the alleged harm is consumer-oriented.

## VI.   Plaintiff's Claims For Extra-Contractual Damages Are Valid

### A.   The Complaint Sufficiently Alleges A Basis for Punitive Damages

Additionally, Defendant's assertion that the Complaint does not allege a basis for punitive damages is without merit. Punitive damages are recoverable as an additional remedy when: (1) defendant's conduct is actionable as an independent tort; (2) the tortious conduct is of an egregious nature; (3) the egregious conduct is direct to plaintiff; and (4) it must be a pattern directed at the public generally. *New York Univ. v. Cont't Ins. Co.*, 87 N.Y.2d 308, 316 (1995); see also *Endemann*, 390 F. Supp. 3d at 381-382 (a claim for punitive damages can be maintained

when plaintiff alleges a claim for an independent tort); *Fabrizio v. Erie Ins. Co.*, 2009 U.S. Dist. LEXIS 13344, *11-13 (NDNY Feb. 20, 2009, No. 08-cv-816).

In a decision from the Appellate Court, the court held that a dismissal of plaintiffs' claim for punitive damages on their claim under General Business Law § 349 was not warranted where plaintiffs alleged that defendant, their homeowner's insurance carrier, intentionally did not reach a final decision on plaintiffs' claim under the policy, so as to force them to commence an action against a third party in order to protect defendant's subrogation rights, as required by the policy. Defendant's conduct could be considered so flagrant as to transcend mere carelessness and, thus, support a claim for punitive damages under section 349. *Wilner v Allstate Ins. Co.*, 71 A.D.3d 155, 157 (2d Dept 2010).

In the present case Sportsinsurance was forced into pursuing a claim against Baroudi, on its own without any assistance from its insurer, Hanover. As in *Wilner*, the conduct of Hanover transcends mere carelessness and thus supports a claim for punitive damages.

### B.   The Complaint Sufficiently Alleges a Basis for Special and Incidental Damages and Attorney Fees

Defendant's assertion that Plaintiff has not alleged any basis for special and incidental damages and attorney's fees in this matter is without merit.[1] (Def. Mot. at 22-24).

> Although such proof of consequential damages will ultimately rest on what liability the insurer is found to have 'assumed consciously,' or from the plaintiff's point of view, have warranted the plaintiff to reasonably suppose the insurer assumed when the insurance contract was made, a determination of whether such damages were, in fact, foreseeable should not be made on a motion to dismiss and must await a fully developed trial.
>
> *D.K. Prop. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, 168 A.D.3d 505, *506-07* (1st Dept 2019).

---

[1] Consequential damages are interchangeable with special and incidental damages. *See Biotronik A.G. v. Conor Medsystems Ireland, Ltd.*, 22 N.Y.3d 799, 805 (2014).

In *AMTRAK v Arch Specialty Ins. Co.,* the Southern District of New York denied, in part, a motion of the insurance companies to dismiss plaintiff's demand for consequential damages. The part of the motion that was denied was the policyholder's demand for attorneys' fees and costs. 124 F Supp 3d 264 (SDNY 2015). By denying that part of the motion, therefore, the Southern District made clear that attorneys' fees and costs can in fact constitute consequential damages in New York, pursuant to *Panasia Estates, Inc. v. Hudson Ins. Co*., 10 N.Y. 3d 200 (2008) and *Bi-Economy Market., Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y. 3d 187 (2008).

Furthermore, "under certain circumstances, attorneys' fees may be a component of consequential damages." *Endemann*, 390 F. Supp. 3d at 381-82. The inquiry, therefore, is whether the plaintiff has stated a claim. *Id.*

In *Niesenbaum v. AXA/Equitable Life Ins. Co.*, 2015 NY Slip Op 32538[U] (Sup Ct, Nassau County 2015), the Supreme Court in Nassau Country denied a motion for summary judgment dismissal of a claim for consequential damages. In refusing to dismiss the demand for consequential damages, the supreme court relied on *Panasia* and *Bi-Economy*. The court held that consequential damages may be appropriate because "the defendant failed to establish, prima facie that it acted in good faith in finding that the plaintiff was at first disabled, then reversing its finding and disclaiming coverage.

Plaintiff has sufficiently stated claims that it may be entitled to consequential damages. For example, if Plaintiff prevails on the breach of implied covenant of good faith and fair dealing claim, it may be entitled to consequential damages. *See D.K. Prop., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 168 A.D.3d 505 at 505-07 (1st Dept 2019).  Similarly, GBL § 349(h) "provides that in a private right of action brought pursuant to the statute for injunctive relief or

16

damages, [t]he court may award reasonable attorney's fees to a prevailing plaintiff". *Endemann*, 390 F. Supp. 3d at 381 (citing GBL § 349(h)). As such, Plaintiff sufficiently alleges a basis for special and incidental damages and attorney's fees in its Complaint.

As such, the Complaint sufficiently alleges a basis for special and incidental damages. This motion to dismiss should not be granted.

## VII.   This Court Should Not Exercise Its Discretion to Treat Defendant's Motion as a Motion for Summary Judgment

In support of its Motion to Dismiss, Hanover introduced Exhibits outside of the pleadings (see Defendant's Declaration) yet a Rule 12(b)(6) motion can be based only on the Complaint itself, including documents attached to or integral to the Complaint.

Even assuming such evidence is proper, under the preceding analysis there exist a genuine issue of fact as to the applicability of Condition "m" of the Policy as well as to whether Hanover waived its right to and is estopped from asserting the enforcement of this contractual limitation clause.

For the foregoing reasons, the Court should deny Hanover's Motion to Dismiss on the basis that it improperly relies upon extrinsic evidence. Even assuming that such evidence is proper,  Hanover's motion should be denied as there is clearly an issue of fact as to whether Hanover waived its rights to rely upon condition "m" or whether they are estopped from relying upon condition "m."

## CONCLUSION

Plaintiff's breach of contract claim is not time barred by the contractual limitations period. The court should not exercise its discretion to transform this motion into one for summary adjudication as the limited information provided establishes that discovery will be necessary to fully consider this alleged defense. Further, the breach of implied covenant of good

faith and fair dealing claim is not duplicative of the breach of contract claim. Lastly, Plaintiff sufficiently alleged that Defendant violated New York General Business Law Section § 349 because their actions are consumer oriented.

As such, Defendant's motion to dismiss should be denied.

Dated: May 12, 2020

**VOGRIN & FRIMET, LLP**

By: _____
Michael J. Frimet, Esq.
150 Broadway, Suite 1200
New York, New York 10038
Tel: (212) (513) 1075
mfrimet@vogrinfrimet.com

*Attorneys for Plaintiff,*
*Sportsinsurance.com*

18